# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GIANT SCREEN SPORTS LLC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 05 C 7184 |
| | ) |
| SKY HIGH ENTERTAINMENT, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

  This matter is before the court on Plaintiff Giant Screen Sports LLC's ("Giant Screen Films) and Giant Screen Films Vikings LLC's ("Giant Screen Vikings") (collectively referred to as "Giant Screen") motion for sanctions against Defendant Sky High Entertainment, Defendant Sky High Entertainment R.S.C.S. Productions, Inc., Defendant Sky High Courage Productions, Inc., Defendant Sky High Vikings Productions, Inc. ("Sky High Vikings") (collectively referred to as "Sky High"), and Defendant Carl Samson ("Samson"). This matter is also before the court on Defendant Canadian Imperial Bank of Commerce's ("CIBC") motion for sanctions against Sky High, Samson, and Seyfarth Shaw LLP ("Seyfarth"), counsel for Sky High and Samson. For the reasons stated below, we grant in part and deny in part

Giant Screen's motion for sanctions, and grant in part and deny in part CIBC's motion for sanctions.

## BACKGROUND

In October 2001, Sky High allegedly entered into a contract ("Films Contract") with Giant Screen Films under which Giant Screen Films was retained to distribute two films produced by Sky High entitled "Ultimate Gs" and "Adrenaline Rush" (collectively referred to as "Films"). According to Giant Screen, under the Films Contract, Giant Screen Films was to be the exclusive distributor of the Films. In November 2002, Sky High allegedly entered into a contract ("Viking Contract") with Giant Screen Vikings under which Giant Screen Vikings was retained to distribute a film entitled "Vikings" ("Vikings Film").

Giant Screen contends that after the Vikings contract was executed, Samson falsified the terms of the Vikings Contract and forged a signature of a Giant Screen representative on the Vikings Contract so that Samson could obtain a loan from Canadian Imperial Bank of Commerce ("CIBC"). According to Giant Screen, based upon the false information in the Vikings Contract, CIBC entered into a credit agreement ("Credit Agreement") under which it agreed to advance a loan to Sky High of approximately $2.7 Million to finance the production of the Vikings Film. As part of the Credit Agreement, Sky High was allegedly required to enter into a Notice of Security, Direction of Payment and Distributor Acceptance ("Security Notice") and Giant Screen Films guaranteed Giant Screen Vikings' payment of $3

million to CIBC.  In addition, as part of the Credit Agreement, Sky High entered into multi-party Pledgeholder Agreements ("Pledgeholder Agreements").  Giant Screen contends that Samson and Sky High failed to disclose the alterations to the terms of the Vikings Contract or the dealings between Sky High and CIBC.

Giant Screen contends that it has fulfilled its obligations under the Films Contract and Vikings Contract by securing leases for the Films and the Vikings Film.  However, Giant Screen claims that Sky High has refused to pay the amounts owed to Giant Screen under the Films Contract and Vikings Contract.  Giant Screen also claims that in October 2004, CIBC contacted Giant Screen and demanded payments pursuant to the Security Notice and Giant Screen claims to have realized at that time the alleged fraud perpetrated by Samson and Sky High.  Giant Screen also claims that when CIBC requested funds from Giant Screen, CIBC made false statements about Giant Screen's breach of its contractual obligations under the Security Notice.  According to Giant Screen, in April 2005, it received a letter from CIBC indicating that it had entered into a settlement with Sky High.

Giant Screen also claims that in the Spring of 2005, Sky High was promoting a film entitled "Dinosaurs 3D" and that Sky High undermined Giant Screen's effort to distribute the Films by entering into various distribution agreements and linking promotion and distribution of the Films to "Dinosaurs 3D."  Giant Screen also claims that in the Summer of 2005, Sky High undermined Giant Screen's ability to distribute the Films by offering to distribute "Adrenaline Rush" for free to numerous theaters.  Finally, Giant Screen claims that Samson and Sky High told large-format

3

theaters, post production vendors, and others in the industry that Giant Screen was no longer distributing the Films, that the contracts were being terminated, and that the theaters and vendors should stop sending payments to Giant Screen and should cease communications with Giant Screen.

Giant Screen brought the instant action and includes in its second amended complaint a breach of contract claim against Sky High (Count I), a fraud claim against Sky High and Samson (Count II), a breach of the implied covenant of good faith and fair dealing claim against Sky High and Samson (Count III), an unjust enrichment claim against Sky High and Samson (Count IV), a quantum meruit claim against Sky High and Samson (Count V), a tortious interference with prospective business relations claim against Sky High and Samson (Count VI), a civil conspiracy claim against Sky High and Samson (Count VII), a defamation claim against CIBC (Count VIII), a tortious interference with prospective business relations claim against CIBC (Count IX), a declaratory judgment claim against Sky High and Samson (Count X), and a declaratory judgment claim against CIBC (Count XI). Giant Screen and CIBC ask this court to sanction Sky High and Samson pursuant to Federal Rule of Civil Procedure 37.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 ("Rule 37") states, in part:

(b) Failure to Comply With Order

> . . .
> (2) Sanctions by Court in Which Action is Pending
> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>>
>> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>>
>> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>>
>> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>>
>> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

Fed. R. Civ. P. 37(b)(2).

## DISCUSSION

I. <u>Sky High Vikings</u>

Giant Screen and CIBC request that sanctions be entered against against Sky High Vikings. Sky High Vikings began bankruptcy proceedings in Canada in 2006. (Joint Mem. 6/12/06). On June 30, 2006, Sky High Vikings sought recognition of the Canadian bankruptcy proceeding in the United States Bankruptcy Court pursuant to 11 U.S.C. § 1501 *et seq*. On August 22, 2006, the United States Bankruptcy Court granted recognition of the Canadian proceeding pursuant to 11 U.S.C. § 1517. United States Code Title 11, Section 362 states, in part,

> [A] petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)(1). Therefore, all claims against Sky High Vikings are stayed and Giant Screen's and CIBC's motions for sanctions are denied without prejudice as to Sky High Vikings.

## II. Sanctions Against Counsel for Sky High & Samson

CIBC filed its motion for sanctions asking this court enter sanctions against Sky High and Samson and award reasonable fees and expenses against Sky High, Samson and its counsel Seyfarth. (CIBC Mot. 1). On January 17, 2007, CIBC

indicated that it is not going to pursue the request for fees from Seyfarth. Thus, the motion for sanctions against Seyfarth has been withdrawn.

III. Sanctions Against Sky High & Samson

Giant Screen and CIBC argue that this court should enter sanctions as to Sky High and Samson. Giant Screen argues that as a sanction this court should enter default judgment against Sky High and Samson on all of Giant Screen's claims, dismiss with prejudice Sky High's counterclaims against Giant Screen, deem certain facts admitted, and award Giant Screen its reasonable costs and fees. CIBC contends that this court should either enter default judgment against Sky High and Samson or deem certain facts admitted and award CIBC its reasonable costs and fees.

A. Default Judgment

Rule 37(b) provides that a district court may impose various sanctions on a party who fails to comply with a court order. When a party violates Rule 37, a court can apply the sanction of default judgment "with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003); *see also Schilling v. Walworth County Park & Planning Com.*, 805 F.2d 272, 278 (7th Cir. 1986)(stating that "when a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions"); *cf.*

*Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003)(stating that "it is well settled in this circuit that the ultimate sanction of dismissal should be involved 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable'")(quoting *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 425 (7th Cir. 1998).

On March 9, 2006, Giant Screen served its first set of document requests to Sky High and CIBC. As part of the document requests to Sky High, Giant Screen requested, in part, that "Sky High . . . identify any responsive document that was missing or lost, had been destroyed or otherwise . . . discarded," (GS Mot. 4); (GS Ex. C 6-9), and that Giant Screen be allowed to inspect "all computers" that were used as part of the allegations against Sky High. (GS. Mot. 1). On April 10, 2006, Sky High advised Giant Screen that it would produce documents requested by Giant Screen "upon the entry of a protective order," (GS Mot. 4); (GS Ex. B, D), and Sky High did not make any representations at that time that any documents or electronic devices had been destroyed or discarded.

On May 30, 3006, this court entered a protective order pursuant to Federal Rule of Civil Procedure Rule 26 pertaining to the disclosure of confidential information during discovery. (Ord. 5/30/06). Sky High produced "approximately 180 pages of documents to Giant Screen" in June 2006 and "an additional 600 documents one month later." (GS Mot. 5). In August 2006, "Sky High revealed in a passing sentence in response to interrogatories served by CIBC that [Samson's] 'computer failed and was discarded.'" (GS Mot. 5). In subsequent talks with Giant

8

Screen, Sky High has also claimed that "it had no electronic mail relating to any of the [films that are a ground for the allegations]," that it did not have any relevant electronic files on the company intranet, and that it did not have any "paper files for any of its employees" still working for Sky High. (GS Mot. 6).

On November 22, 2006, this court ordered Sky High and Samson "to produce the discovery requested by [Giant Screen] during the deposition of [Samson]" and further ordered Samson, individually and as Sky High representative, to "be prepared to explain any failure to produce the requested discovery materials," warning Sky High and Samson that "[f]ailure to comply with th[e] order may result in appropriate sanctions." (Ord. 11/22/06). Pursuant to this court's order, Samson was scheduled to appear for his deposition on December 20 and 21, 2006. (GS Ex. B, H, I). However, on December 18, 2006, Sky High cancelled the deposition due to the passing of Samson's "life long friend" and "refused to provide any information . . . to substantiate the *bona fides* of" the cancelled deposition. (GS. Mot. 2). After the cancellation of the deposition, Sky High rescheduled Samson's deposition to take place on January 9 and 10, 2007. (GS. Mot. 2). Once again, however, Sky High cancelled the deposition date and stated that "Samson would not appear, but this time offered no justification . . . for his absence." (GS Mot. 3).

On January 11, 2007, this court set a rule to show cause hearing for January 17, 2007 as to Samson "to show cause why he should not be held in default for failing to comply with this court's orders." (Ord. 1/11/07). This court further ordered that Samson "shall have with him at the rule to show cause hearing all

outstanding discovery requests including documents to be produced and answers to interrogatories" and warned Samson that "failure to appear for the rule to show cause and failure to produce all the outstanding discovery request may result in a default judgment being entered." (Ord. 1/11/07). At the rule to show cause hearing scheduled on January 17, 2007, Samson failed to appear. Samson's counsel gave no reason for his absence other a brief statement that Samson was due to attend a conference in Europe two days after the rule to show cause hearing.

    As noted above, this court has repeatedly ordered Sky High and Samson to comply with Giant Screen's and CIBC's discovery requests, yet Sky High and Samson have failed to do so. For example, we ordered Samson and Sky High "to produce the discovery requested by [Giant Screen] during the deposition of [Samson]" and further ordered Samson, individually and as Sky High representative, to "be prepared to explain any failure to produce the requested discovery materials." (Ord. 11/22/06). We further warned Samson that failure to comply with this court's order would result in sanctions and Samson willfully failed to appear at his scheduled depositions without providing this court with any justifiable explanation. In addition, Samson, individually and as a representative of Sky High, was ordered to appear at a rule to show cause hearing, yet did not appear, even though we warned Samson that "failure to appear for the rule to show cause hearing and failure to produce all of the outstanding discovery request may result in a default judgment being entered." (Ord. 1/11/07). Further, Sky High has failed to produce any electronic mail, "even though Sky High's electronic mail servers are still operational," (GS Mot. 6), and Sky High

has failed to produce any hardcopy files of its employees, "even though Sky High is still producing and distributing films." (GS Mot. 6). Finally, Sky High and Samson have only provided 700 pages of discovery requests, compared to the more than 10,000 pages supplied by Giant Screen, and a key discovery request, Samson's computer that contained numerous emails "failed and was discarded" without notifying either Giant Screen or CIBC.

Thus, Sky High and Samson have been given numerous opportunities to comply with discovery rules and with this court's orders, and each time Sky High and Samson have willfully failed to do so. We have considered lesser sanctions. However, due to Sky High's and Samson's repeated discovery violations blatant disregard of this court's orders, it is clear that lesser sanctions are not appropriate. Sky High and Samson cannot evade the current action through such evasive and dilatory tactics. *See Halas v. Consumer Servs.*, 16 F.3d 161, 164 (7th Cir. 1994)(stating that Rule 37 "sanctions enable a district court to prevent the parties to a lawsuit from 'unjustifiably resisting discovery'"). Therefore, we grant Giant Screen's and CIBC's motion for default judgment against Sky High and Samson and dismiss with prejudice all counterclaims by Sky High against Giant Screen.

### B. Facts Deemed Established

In addition to this court's finding that sanctions of default judgment are appropriate against Sky High and Samson, Giant Screen argues that this court should deem certain facts established. Rule 37(b)(2)(A) provides that facts may be deemed

11

admitted against the party that is sanctioned. However, the facts that Giant Screen contends should be admitted unfairly prejudice CIBC. For example, Giant Screen asks this court to deem as true the fact that Samson forged certain documents, which may deem such documents unenforceable, whereas CIBC contends that such documents are valid and enforceable. Thus, deeming such facts established would unfairly prejudice CIBC, a party that has already been prejudiced by Sky High's and Samson's dilatory actions. Finally, deeming certain facts as established would not further any claims against the sanctioned parties, Sky High and Samson, since this court has entered default judgment against Sky High and Samson and all that remains are the issue of damages. Therefore, we deny Giant Screen's motion to deem certain facts established as part this court's sanctions of Sky High and Samson.

### C. Reasonable Costs

Rule 37(b)(2) deals, in part, with sanctions in connection with parties who fail "to obey an order. . . ." Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2)(E) further provides that a court shall award "reasonable expenses including attorney's fees" caused by the failure "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(E).

Sky High and Samson, individually and as representative of Sky High, have failed to obey orders of this court in connection with Giant Screen's and CIBC's discovery requests. Additionally, neither Sky High nor Samson have provided any justification for failing to comply with discovery requests or to obey this court's orders. First, Sky High and Samson failed to comply with this court's order dated

November 22, 2006 when we ordered Sky High and Samson "to produce the discovery requested by [Giant Screen] during the deposition of [Samson]" and further ordered Samson, individually and as Sky High representative, to "be prepared to explain any failure to produce the requested discovery materials." (Ord. 11/22/06). Although Samson and Sky High did initially set dates to take Samson's deposition, Sky High and Samson cancelled the deposition without any reason for the cancellations. Second, Samson, individually and as representative of Sky High, failed to appear at the scheduled rule to show cause hearing on January 17, 2007. The only statement by Sky High's counsel in regards to Samson's failure to appear for the rule to show cause hearing was that Samson would be attending an overseas conference during the latter portion of the week. However, both Giant Screen and CIBC represented that the conference was not schedule to start on January 17, 2007, the date of the rule to show cause hearing. Sky High and Samson have failed to provide sufficient justification for their discovery violations and their noncompliance with this court's orders. Neither Sky High nor Samson have attempted to explain or justify these failures in any way. Under these circumstances, an award of expenses that Giant Screen and CIBC have incurred due to Sky High's and Samson's dilatory actions in this litigation is appropriate. The court will rule as to the amount of reasonable expenses, costs, and reasonable attorney's fees after the parties have completed the briefing as scheduled by the court.

**CONCLUSION**

Based on the foregoing reasons, we grant in part and deny in part Giant Screen's motion for sanctions, and grant in part and deny in part CIBC's motion for sanctions.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 27, 2007